The judgment appealed from must be affirmed with costs.

---

## VANDERBILT a. GARRISON.

*New York Superior Court; Special Term, October*, 1856.

COMPLAINT.—RIGHTS OF STOCKHOLDERS IN CORPORATION.

Where certain stockholders in a corporation brought an action to recover from a person employed by the corporation as their agent, moneys received by him in course of such agency,—*Held*, that their complaint was bad on demurrer, for want of an averment that the corporation, by its officers, had refused to bring an action.

Demurrer to complaint.

The action was brought by Cornelius Vanderbilt and others, as stockholders of the Accessory Transit Company, against C. K. Garrison, formerly agent of the Company. The nature of the complaint appears from the opinion. The grounds of the demurrer were :—

1. That the plaintiffs had not a right to maintain the action.

2. That the complaint did not state facts sufficient to constitute a cause of action.

*F. B. Cutting*, for the demurrer, contended that the shareholders in a corporation have no right to bring a suit, either legal or equitable, upon an injury done to the Company by one of its agents, as no legal privity, or relation of trust existed between the parties.

*Mr. Rappallo* and *H. F. Clark*, opposed.

BOSWORTH, J.—Plaintiffs are stockholders in the Accessory Transit Company, a corporation duly created, and in behalf of themselves and others similarly situated bring this action, to charge defendant for moneys received by him while acting as an agent of the corporation, under a written contract of employment and agency, made between himself and the corporation. Tho complaint is demurred to on the ground that sufficient facts are not stated to give the plaintiffs a right of action.

The complaint does not allege that the corporation by its directors and managing officers refuses to bring an action in the name of the corporation. For aught that appears, or is alleged, it may have brought one for the same cause which is now pending. The corporation is not a party to this action.

It is not obvious on what principle Garrison can be exempted from liability to the corporation, even if it could be established that all the business the corporation employed him to transact was not clearly within its corporate powers. He acted as its agent, and received the moneys as its moneys. There is an obvious difference between an action by the stockholders against the directors and managing officers themselves, for misapplying and squandering the corporate funds; and one against an agent whom they have appointed to do particular acts, to recover of the latter moneys he has received, and which by his contract he should pay to the corporation itself.

Judgment for the defendant on the demurrer, unless plaintiffs amend in twenty days, which they may do as advised, on payment of the costs of the demurrer.